**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GALINA MEDVEDEVA, | No. 15-35750 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00007-RSL |
| v. | |
| CITY OF KIRKLAND, Washington; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Galina Medvedeva appeals from the district court's dismissal of her

unlawful arrest and First Amendment retaliation claims, and challenges the district

court's jury instructions for her Americans with Disabilities Act ("ADA") and

excessive force claims. Because the parties are familiar with the facts, we do not

recite them here.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

## I. Unlawful Arrest

We review de novo a district court's grant of summary judgment. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). Medvedeva acknowledges that the officers had a right to enter the apartment. Medvedeva also does not dispute that the officers informed her that they needed to enter to investigate a leak; that, despite being informed of this, she failed to open the front door for approximately forty minutes; or that, once the officers entered the apartment using a master key, she attempted to close the bathroom door to keep the officers out. Given Medvedeva's failure to open the front door and her resistance once the officers entered the apartment, "a prudent person would have concluded that there was a fair probability" that Medvedeva had hindered, delayed, or obstructed the officers. *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). Therefore, the officers had probable cause to arrest Medvedeva for obstruction. *See* Wash. Rev. Code § 9A.76.020. The district court did not err in dismissing Medvedeva's unlawful arrest claim on summary judgment.

## II. First Amendment Retaliation

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987). However, "a simple failure to obey a police officer's lawful instructions"

is not protected by the First Amendment. *See Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011). Medvedeva's conduct was not expressive conduct protected by the First Amendment, but rather a simple failure to obey lawful instructions. *See id.* The district court did not err in dismissing Medvedeva's First Amendment retaliation claim on summary judgment.

### III. ADA Jury Instructions

We review a district court's formulation of jury instructions for abuse of discretion, and we review de novo whether an instruction states the law correctly. *See Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). "Jury instructions must correctly state the law and failure to do so warrants reversal, unless the error is harmless." *Coles v. Eagle*, 704 F.3d 624, 630 (9th Cir. 2012).

A claim for reasonable accommodation under Title II of the ADA arises when, "although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds, cert. dismissed in part*, 135 S. Ct. 1765 (2015). The jury instructions for Medvedeva's reasonable accommodation claim required the jury to find that Medvedeva was "unable to comply" with the officers because of her

disability, and that the officers could have made a reasonable accommodation that would have enabled her to comply with the officers' commands.

As the district court acknowledged during trial, the inability to comply with officers due to a disability is not always a required element of a reasonable accommodation claim. In this instance, however, the district court formulated the jury instructions by taking into account the factual circumstances surrounding the arrest and Medvedeva's theory of the case. The district court had extensive discussions with counsel about the instructions and explained the rationale for the ADA instruction in view of the specific facts here. The district court threaded the needle by integrating the specific facts and arguments of the case into the instructions. Although excluding the inability-to-comply segments from the jury instructions may have been a better fit, the district court did not err by including them. To the extent there was any error, such error was harmless given Medvedeva's opportunity to fully argue her theory of the case. The district court did not err in its jury instructions for Medvedeva's reasonable accommodation claim.

## IV. Excessive Force Jury Instructions

Excessive force claims are analyzed under the reasonableness standard of the Fourth Amendment. *See Hung Lam v. City of San Jose*, 869 F.3d 1077, 1087 (9th Cir. 2017). We have upheld "fairly general reasonableness/ totality of the

circumstances instructions" in excessive force cases. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (citation and internal quotation marks omitted). The jury instructions for Medvedeva's excessive force claim instructed the jury to consider "all of the circumstances known to the officers on the scene," and specifically highlighted the amount of force used against Medvedeva and whether she posed an immediate threat to the officers' safety. Although there was no specific instruction about the relative size difference between Medvedeva and the officers, whether the officers gave verbal warnings before using force, and whether the officers knew of Medvedeva's mental illness, the district court was not required to list every item requested by Medvedeva. The jury instructions correctly directed the jury to consider the totality of the circumstances and allowed Medvedeva to argue her theory of the case. She in fact did argue these points at trial. The district court did not err in its jury instructions for Medvedeva's excessive force claim.

**AFFIRMED**.